UNITED STATES COURT
DISTRICT OF NEW MEXICO

WARREN MCCOWAN

    Plaintiff,

v.                                                                   Civ. No. 17-902 MLC

THE CITY OF LAS CRUCES, NEW
MEXICO A/K/A LAS CRUCES POLICE
DEPARTMENT and MARK MORALES

    Defendants,

## PLAINTIFF'S SECOND AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND TORT CLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW WARREN MCCOWAN (hereinafter referred to as "Plaintiff"), by and through his counsel James Tawney of Flores, Tawney & Acosta P.C., complaining of THE CITY OF LAS CRUCES, NEW MEXICO a/k/a LAS CRUCES POLICE DEPARTMENT (hereinafter referred to as "Defendant LCPD") and MARK MORALES (hereinafter referred to as "Defendant MORALES") and for a cause of action would show the Court as follows:

1.     Plaintiff is a resident of Dona Ana County, New Mexico.

2.     Defendant LCPD answered Plaintiff's Original Petition in State District Court and removed the case to Federal Court.

3.     Defendant MORALES, answered Plaintiff's Original Petition in State District Court and removed the case to Federal Court.

4.     The acts and omissions complained about occurred in Dona Ana County, New Mexico, in which the principal offices of the City of Las Cruces.

5.     The Court has jurisdiction over the parties.

1

## FACTS

6.  On or about August 21st, 2015, Plaintiff was pulled over by Defendant Officer Mark MORALES (#L889), who was on duty with Defendant THE CITY OF LAS CRUCES a/k/a LAS CRUCES POLICE DEPARTMENT, while Plaintiff was traveling eastbound on Spruce Ave. in Las Cruces, Dona Ana County, New Mexico.  According to allegations made by Defendant, Plaintiff was operating his vehicle without the headlights on.

7.  Defendant MORALES then began questioning Plaintiff as to whether he had anything to drink that night, which Plaintiff responded that he had 3 beers to drink that night, but that he had those drinks 1-2 hours prior and that he was not intoxicated.

8.  Defendant MORALES then asked Plaintiff to submit to a field sobriety test, to which Plaintiff complied; however, at that time, Plaintiff informed Defendant MORALES that he has a pre-existing neck injury for which he was applying for disability and that the field sobriety test may be difficult to complete.  The field sobriety test was then performed by Defendant MORALES.

9.  After the field sobriety test, Defendant MORALES decided to place Plaintiff under arrest for suspicion of driving while under the include of an intoxicating liquor and no headlamps on a motor vehicle.

10.  At that moment, Defendant MORALES commanded Plaintiff to place his hands behind his back to be handcuffed.  Plaintiff asked Defendant MORALES to leave the handcuffs loose as he suffered from a previously injured left shoulder on which he previously had surgery. Defendant MORALES refused to accommodate Plaintiff's medical condition, although Plaintiff posed no threat of violence or injury to Defendant MORALES.

11. Now handcuffed, Plaintiff was placed in the back of Defendant MORALES' police vehicle.

12. Defendant MORALES then proceeded to drive fast, recklessly, and negligently in the operation of his motor vehicle back to the police station. Plaintiff repeatedly begged Defendant MORALES to slow down and not make such sharp turns as Plaintiff, who was unbuckled in the back seat of the police vehicle, was slammed from one side to the next of the vehicle, causing re-injury to Plaintiff's left shoulder. Upon arrival at the police station, Plaintiff's body was positioned on the rear driver side of the vehicle due to negligent operation of the police vehicle, when he was originally seated in the rear passenger side of the vehicle.

13. Defendant MORALES then took Plaintiff into the police station where he was taken into a holding cell.

14. Plaintiff asked that Defendant MORALES take off Plaintiff's handcuffs while he was being placed into the holding cell because he was in extreme pain with his left shoulder. Defendant MORALES refused, so Plaintiff asked if the handcuffs could be placed in front of him, instead of behind him, because as he repeatedly told Defendant MORALES, his left shoulder was in extreme pain. Defendant MORALES again refused. Rather than accommodating Plaintiff's reasonable request, Defendant MORALES left the handcuffs behind Plaintiff, then handcuffed those handcuffs to another set on a bench in the holding cell. Plaintiff was left in a forced seated position, with his arms handcuffed behind him.

15. For the next 2 to 2 ½ hours, Plaintiff cried out in pain from his shoulder to Defendant MORALES and the other officers of Defendant LCPD at the police station. Although Plaintiff was literally crying in pain for hours, his begging for help was only met with laugher and sneers.

16.  In an attempt to relieve the pain, Plaintiff was able to position his body so he was sitting on his handcuffed hands, which helped only in the slightest way to relieve his excruciating pain.

17.  After much time had passed, Defendant MORALES returned to the holding cell to take Plaintiff to the jail facility.  After disconnecting Plaintiff from the bench, Defendant MORALES ordered Plaintiff to stand up straight.  However, due to the fact he had been sitting on his handcuffed hands and was still in excruciating pain, Plaintiff was physically unable to stand up straight without the handcuffs being loosened or removed.  Plaintiff pleaded with Officer MORALES to loosen or remove the handcuffs so he could stand up, because to do so as he was positioned would cause him further injury.  This request infuriated Officer MORALES.  Officer MORALES then called another Defendant LCPD officer over to assist him.

18.  Officer MORALES and the other LCPD officer then grabbed Plaintiff by his arms and with excessive force lifted Plaintiff until his body was standing straight, knowing that such actions would cause injuries to Plaintiff.  In doing so, the LCPD officers tore the tendons/muscles in *both* of Plaintiff's shoulders.  Plaintiff screamed out in pain as he felt his shoulders tear, but Defendant MORALES and LCPD failed to seek any medical attention for Plaintiff.  Instead, Plaintiff was taken and booked in the jail facility.

19.  It was not until Plaintiff was released from jail that he was eventually able to seek medical attention, which would include surgeries to both of his shoulders as a result of the conduct of Defendants.

20.  On February 23rd, 2016, all charges against Plaintiff arising from this incident were dismissed due to Defendant MORALES's lack of cooperation.  *See* Cause # M-14-DR-201500561.

21. Based on information and belief, Defendant LCPD failed to adequately investigate the allegations by Plaintiff made of Defendant MORALES and his conduct on the night in question. Further, based on information and belief, Defendant LCPD failed to discipline Defendant MORALES and the LCPD's officers present that night in any meaningful way so as to prevent future conduct of this sort by them or by LCPD officers in the future.

22. It is the custom, practice and policy of Defendant MORALES and other LCPD officers and/or their supervisors to perform the following acts and/or omissions in connection with allegation of misconduct that are inherent in this Complaint:

   a. supervisory individuals from LCPD fail to properly discipline officers who have committed an act or acts of misconduct, such as the excessive force described above;

   b. supervisory individuals from LCPD fail to take proper remedial action against its officers once it is determined that an illegal act, an act of excessive force has been committed by its officers. This practice and/or custom has gone unchecked and been allowed to exist in LCPD for a significant period of time; so that LCPD officers recognize that they will not be punished for committing such acts and that, in fact, these acts are overtly and tacitly permitted by superior officers of the LCPD, which allows such conduct to repeatedly reoccur.

23. As a direct and proximate result of Defendants' conduct, as set forth above, Plaintiff has suffered serious physical and psychological injuries, mental distress, fear, anxiety, emotional suffering and medical expense both past and future, as well past and future loss of earning capacity. Plaintiff is entitled to compensatory damaged for the above described injuries.

24. Defendants, separately and in concert, acted in bad faith, willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of his state and federal constitutional rights and further acted recklessly, wantonly, and oppressively. As a result of the nature of Defendant LCPD's officers' conduct, Plaintiff is entitled to punitive damages.

# CLAIMS UNDER THE UNITED STATES CONSTITUTION AND FEDERAL LAW

## COUNT I -- FOURTH AMENDMENT CLAIM
## OF EXCESSIVE FORCE

25. Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

26. Plaintiff had and has a Fourth and Fourteenth Amendment Due Process right to be free from excessive force.

27. The amount of force used when Plaintiff was in the back of the police vehicle, as well as when he was in the holding cell, was unreasonable and excessive under law.

28. Defendants violated Plaintiff's Fourth Amendment right not to be subjected to excessive force.

29. In this case, Defendants use of force was not objectively reasonable, from the perspective of a reasonable officer, knowing what the officers knew at the time. Nor was Defendants maintenance of that level of force throughout the seizure, as he was a custodian of Defendants.

30. Defendants exhibited a reckless or callous disregard of, or indifference to, the rights and safety of Plaintiff.

## COUNT II -- FOURTEENTH AMENDMENT CLAIM
## OF CRUEL AND UNSUSUAL PUNISHMENT

31. Plaintiff has and had a Fourteenth Amendment right to be free from unreasonable risks of harm. The Fourteenth Amendment prevented the Defendants from exercising deliberate indifference toward Plaintiff's safety, security, and constitutional rights.

32. Insufficient hiring, training, supervision, policies, customs, and/or practices related to the handling of arrestees, and failure of Defendants to take reasonable measures to prevent the conduct such as that complained of herein, constituted a deliberate indifference to the safety, security, and rights of Plaintiff and exposed Plaintiff to unreasonable risks of harm.

33. These Defendants' wrongful acts and failures to act proximately caused Plaintiff's damages.

## COUNT III -- *MONELL* CLAIM

34. Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

35. Defendant THE CITY OF LAS CRUCES is responsible for the operations, customs, policies and practices of the Las Cruces Police Department.

36. At all times relevant to this complaint, the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment prevented the Defendant LCPD and its employees from using excessive force and driving erratically with a detainee in the back of a police vehicle.

37. Defendant LCPD's failure to adequately train and supervise its employees to institute and enforce adequate procedures and regulations against conduct such as that complained of herein constitutes violations of Plaintiff's Fourth and Fourteenth Amendment rights.

38. Defendant LCPD owed Plaintiff an affirmative duty to keep Plaintiff free from the violations of the Fourth and Fourteenth Amendments described herein.

39. To the extent that any training or procedures given were not inadequate, Defendant LCPD did not take adequate steps to ensure that the training was properly inculcated. These failures were a direct cause of the injuries suffered by Plaintiff, including physical injury, physical pain and suffering invasion of bodily integrity and severe psychological and emotional distress.

40. Defendant LCPD's failures to act were so culpable as to constitute acquiescence in the unlawful conduct of Defendant MORALES in violation of the Fourth and Fourteenth Amendments.

## COUNT IV - CONSPIRACY TO VIOLATE CIVIL RIGHTS

41. Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

42. Defendant MORALES and his co-officers conspired and agreed, by their actions and/or omissions, and under the color of law, to deprive Plaintiff of his rights, privileges, and immunities secured by the Constitution of the United States, particularly concerning his Fourth Amendment right to be free from excessive force.

43. Defendant MORALES had substantial involvement in the conspiracy by his acts and omissions in furtherance of the conspiracy.

44. Due to the conspiracy that involved Defendant MORALES, liability is imputed to all members of the conspiracy for any of Plaintiff's injuries.

45. As a direct and proximate cause of the conspiracy, Plaintiff suffered injuries and damages, including the deprivation of constitutional rights, physical injuries, and emotional distress.

46. The conduct of Defendant MORALES regarding the conspiracy, in its formation and furtherance, was intentional, unreasonable, reckless, wanton, willful, and deliberately indifferent to Plaintiff's rights; the rights he violated were clearly established prior to these events, and any reasonable law enforcement officer would have been aware that the conduct described herein would violate Plaintiff constitutional rights.

## NEW MEXICO TORT CLAIMS AGAINST DEFENDANT MORALES
## COUNT V – BATTERY & ASSAULT

47. Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

48. Defendant MORALES battered and/or assaulted Plaintiff by placing him the back of a police vehicle unbuckled, driving erratically in order injure Plaintiff, failing to properly handcuff Plaintiff to prevent injury, and then intentionally pulling on Plaintiff's body and tearing the flesh of both of Plaintiff's shoulders, despite cries from Plaintiff.

49. Defendant MORALES brutalized Plaintiff with excessive force.

50. Defendant MORALES' actions constituted a criminal act under the laws of the State of New Mexico.

51. This use of force was excessive and unnecessary as Defendant MORALES had no reasonable belief that Plaintiff was resisting, dangerous, or noncompliant.

52. Defendant MORALES' actions constituted battery and/or assault for which immunity has been waived by NMSA § 41-4-12.

53. Plaintiff Zambrano suffered injuries that needed medical treatment and significant pain from Defendant MORALES' unlawful use of excessive force.

54. Defendant MORALES acted willfully, recklessly and wantonly in using excessive force against Plaintiff.

## COUNT VI – VIOLATION OF SECTION 41-4-5 NMSA

55. Plaintiff incorporates by reference the preceding paragraphs as though fully restated herein.

56. Defendant MORALES acted negligently in the operation of LCPD vehicle causing Plaintiff to suffer bodily injury.

57. Defendant MORALES acted negligently when he failed to secure and restrain Plaintiff in the police car to prevent him from being slammed around in the back, and then proceeded to operate the vehicle at a high rate of speed while making sharp turns.

58. The conduct of Defendant MORALES constitutes conduct for which immunity has been waived by NMSA § 41-4-5.

59. As a result of Defendant MORALES' conduct set forth above, Plaintiff has suffered psychological injuries, mental distress, fear, anxiety, physical and emotional suffering.

## CLAIMS UNDER THE NEW MEXICO CONSTITUTION

### COUNT VII -- N.M. CONST. ART II, § 10 CLAIM
### EXCESSIVE FORCE

60. Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

61. Plaintiff had and has a right under N.M. Const. art. II, § 10 to be free from excessive force.

62. The amount of force used to effectuate and maintain the seizure of Plaintiff was unreasonable and excessive under law.

63. Defendant MORALES violated Plaintiff's right under the New Mexico Constitution not to be subjected to excessive force.

64. Defendant MORALES acted willfully, recklessly and wantonly in using excessive force against Mr. Zambrano.

### COUNT VIII -- N.M. CONST. ART II, § 13 CLAIM
### CRUEL AND UNUSUAL PUNISHMENT

65. Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

66. Plaintiff had and has a right under N.M. Const. art. II, § 13 to be free from cruel and unusual punishment.

67. Insufficient hiring, training, supervision, policies, customs, and/or practices related to the transport, holding, and handling of those arrested, and failure of Defendants to take reasonable measures to prevent the conduct such as that complained of herein, constituted a deliberate indifference to the safety, security, and rights of Plaintiff, and exposed Plaintiff to unreasonable risks of harm.

68. These Defendants' actions were deliberately indifferent to Plaintiff's rights and deprived Plaintiff of his right under the New Mexico Constitution to be free of cruel and unusual punishment.

### PUNITIVE DAMAGES

69. The Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

70. At all times material, Defendants' conduct toward Plaintiff was willful, wanton, careless, reckless or deliberate.

71. At all times material, Defendants knew that Plaintiff was in pain and his health and safety were in jeopardy.

72. Despite this knowledge, Defendants willfully, wantonly, recklessly, carelessly, and deliberately caused and/or ignored Plaintiff's condition and placed him in grave danger.

73. The willful, wanton, reckless, careless, and deliberate conduct of Defendant MORALES was ratified by his supervisors.

## DAMAGES

74. Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

75. As a direct and proximate result of the acts and omissions of the Defendants as described in this complaint, Plaintiff suffered and continues to suffer significant physical injuries and emotional distress, pain, fear and anxiety, along with the violation of his federal constitutional rights and state constitutional rights, disfigurement, impairment, past and future loss of earnings, and past and future medical bills.

76. Because of Defendants' intentional, willful, malicious and/or recklessly indifferent conduct, Plaintiff is entitled to punitive damages against Defendants.

## JURY DEMAND

77. Plaintiff respectfully requests a trial by jury on these issues in this case.

78. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer, and that upon final trial, Plaintiff has judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled, including but not limited to attorney's fees and costs pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

**FLORES, TAWNEY, & ACOSTA, P.C.**

_/s/James D. Tawney_
**JAMES D. TAWNEY**
1485 N. Main, Suite B
Las Cruces, New Mexico 88001
(575)222-1000- Voice
(575)652-4752- Fax
jtawney@ftalawfirm.com
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 11th day of April, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the following as well as all others on the CM/ECF service list:

  Cody R. Rogers
  JARMIE & ASSOCIATES
  PO Box 344
  Las Cruces, NM 88004
  (575) 526-3338 tel
  crogers@jarmielaw.com

_/s/James D. Tawney_
**JAMES D. TAWNEY**