IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WARREN McCOWAN,

    Plaintiff,

v.                                                      No.  17-cv-00902-MLC-KRS

THE CITY OF LAS CRUCES, NEW MEXICO
A/K/A LAS CRUCES POLICE DEPARTMENT
And MARK MORALEZ,

    Defendants.

## EXPEDITED MOTION TO VACATE TRIAL SETTING AND EXTEND CERTAIN PRETRIAL DEADLINES

**COMES NOW** Defendant Mark Morales, by and through his counsel of record, and hereby moves this honorable Court to vacate the current trial setting in this matter and extend certain pretrial deadlines set forth in this Court's *Order Granting Joint Motion to Extend Pretrial Deadlines*, Doc. No. 80 (filed April 28, 2020). Plaintiff has been contacted and does not oppose vacating the trial setting or pushing back pre-trial deadlines. In support of this Motion, Defendant states as follows:

    1.    This Court held a supplemental scheduling conference on Monday, March 9, 2020. *See Clerk's Minutes*, Doc. No. 74 (filed March 9, 2020).

    2.    At that hearing, this Court established several pretrial deadlines in anticipation of a September 28 to 30, 2020 jury trial setting. *See generally id.*

    3.    On joint motion of the parties, pretrial deadlines in this matter were reset as follows:

    Discovery Due:                              8/21/2020

    Other Fact Witness Deadline:           7/1/2020

| | |
|---|---|
| Stipulation Deadline: | 9/4/2020 |
| Dispositive/Daubert Motions Deadline: | 8/21/2020 |
| Dispositive/Daubert Hearing and Final Pretrial Conference: | 9/11/2020 at 9:00 AM |
| Dispositive Motions Response Deadline: | 9/4/2020 |

*See* Doc. No. 80, *supra*.

4.  Mere days after this Court's hearing, New Mexico Governor Michelle Lujan Grisham declared a public health emergency due to the spread of the novel Coronavirus, or COVID-19. *See Executive Order 2020-004*, available at: https://www.governor.state.nm.us/wp-content/uploads/2020/03/Executive-Order-2020-004.pdf (last accessed August 21, 2020). The Governor's Executive Order has been renewed repeatedly, most recently on July 30, 2020. *See Executive Order 2020-055*, available at: https://www.governor.state.nm.us/wp-content/uploads/2020/08/Executive-Order-2020-055-1.pdf (last accessed August 21, 2020).

5.  In response to the ongoing pandemic, the United States District Court for the District of New Mexico began implementing protocols to minimize the heath risks associated with the spread of the Coronavirus. *See* https://www.nmd.uscourts.gov/news/response-coronavirus (last accessed August 21, 2020).

6.  The Court has also modified its procedures for filing, payments, access and related matters due to the exigent circumstances created by COVID-19. *See* https://www.nmd.uscourts.gov/news/covid-19-temporary-administrative-procedures-manual (last accessed August 21, 2020).

7.  On March 13, 2020, the President of the United States declared a national state of emergency for COVID-19.

8. The New Mexico Department of Health has restricted mass gatherings and certain business operations, and has declared that "[c]ontinued social distancing and self-isolation measures are necessary to protect public health given the potentially devastating effcts that could result from a rapid increase in COVID-19 cases in New Mexico." *See July 30, 2020 Public Health Order*, available at: https://cv.nmhealth.org/wp-content/uploads/2020/07/07.30.20-PHO.pdf (last access August 21, 2020).

9. Due to the various restrictions imposed by COVID-19 and the orders issued by the New Mexico State Government, discovery in this matter has been limited such that the parties were only recently able to schedule depositions of the two named parties[1] and several other fact witnesses.

10. Plaintiff's deposition occurred on August 11, 2020. At that deposition, plaintiff disclosed—for the first time in the course of this case—a number of medical providers and medical conditions which existed prior to the August 2015 incident giving rise to this lawsuit.[2] Specifically, plaintiff disclosed two (2) general practitioners who served as his primary care doctors; two (2) orthopedic surgeons who treated him for neck and knee injuries/conditions; an unidentified provider who provided him with injections for his neck condition and referred him for further evaluation/treatment at the Mayo Clinic, and three (3) chiropractors.  He also disclosed for the first time during the pendency of this litigation that he had been previously diagnosed with rheumatoid arthritis and had been treated by a rheumatologist.  He further disclosed that he had gone to "several" local "urgent cares" to receive injections and other

---

[1] The *Monell* claims against the City of Las Cruces were dismissed by this Court on October 24, 2018. *See Order Granting in Part and Denying in Part Motion for Summary Judgment*, Doc. No. 53 (filed Oct. 24, 2018), pp.13-15.
[2] Defendant will supplement this Motion with excerpts of the deposition transcript containing this information when the transcript becomes available.

treatment for back spasms. He also disclosed that he had been seen by a cardiologist. He also disclosed for the first time that he had received mental health care in the form of therapy and medication. This newly disclosed medical care occurred from approximately 2014 to 2019. The newly disclosed medical conditions were diagnosed in roughly the same time frame.

11. Plaintiff also disclosed that his application for disability benefits had been denied and that he had appealed the denial unsuccessfully. He also indicated that he had a medical examination as part of the application process.

12. Plaintiff did not timely disclose these medical providers in accordance with D.N.M. L.R.-Civ. 26.3(d) (requiring disclosure of, *inter alia*, "a list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings and continuing through the current date"). Nor did plaintiff provide any signed authorizations to release medical records for these providers in accordance with D.N.M. L.R.-Civ. 26.3(d)(3).

13. Plaintiff also did not disclose any of these medical providers or medical information in his answer to Defendant's Interrogatory No. 20, which requested plaintiff's medical history for a period of ten (10) years prior to the incident underlying plaintiff's complaint. *See Plaintiff's Interrogatory Answers*, attached hereto as **Exhibit A**. This discovery request was served upon plaintiff on June 18, 2018, *see Certificate of Service*, Doc. No. 30 (filed June 18, 2018), and plaintiff's response was served on August 1, 2018 (over two years ago). *See Certificate of Service*, Doc. No. 33 (filed Aug. 1, 2018).

14. Defendant's Requests for Production, which were served at the same time as the Interrogatories described *supra*, also sought "any application you have filed for disability

benefits (together with all supporting documentation)." Plaintiff responded "[d]iscovery is ongoing, will supplement." *See Plaintiff's Responses to Defendants Request for Production*, RFP No. 23, attached hereto as **Exhibit B**; *Certificate of Service*, Doc. No. 33, *supra*. As of the date of the filing of this motion, plaintiff has not provided the requested documents.

15. The parties participated in a settlement conference on Monday, August 17, 2020. Despite the parties' good faith negotiations, the case did not settle. *See Settlement Memorandum*, Doc. No. 89 (filed Aug. 17, 2020). However, settlement negotiations continued through this week. Evaluation of plaintiff's most recent settlement demand requires discussion at a meeting of the Las Cruces City Council. The City Council's next regularly scheduled meeting is September 8, 2020; Defendant's counsel do not know whether the issue can be addressed before that time.

16. One of plaintiff's treating physicians, Robert Schwartz, was previously scheduled to be deposed on August 20, 2020. The parties agreed to vacate the deposition due to the ongoing settlement negotiations. However, given plaintiff's late disclosure of his medical history and his other medical providers, Defendant will be unable to complete the deposition of Dr. Schwartz until such time as plaintiff's complete medical history can be obtained.

17. On March 9, 2020, the undersigned requested dates for the deposition of plaintiff's retained expert, Glenn Walp. *See March 9, 2020 e-mail from Mark Standridge*, attached hereto as **Exhibit C**. The undersigned renewed this request on April 14, 2020. *See April 14, 2020 e-mail from Mark Standridge*, attached hereto as **Exhibit D**. Plaintiff's counsel responded on July 27, 2020, indicating that Mr. Walp was not available to be deposed within the current discovery period. *See July 27, 2020 e-mail from James Tawney*, attached hereto as **Exhibit D**.

18. Given the ongoing issues regarding COVID-19, plaintiff's grossly untimely disclosure of his medical history and providers, and plaintiff's expert's unavailability to be deposed within the current discovery period, Defendant respectfully requests that the Court vacate the September 28-30, 2020 jury trial setting, and that the Court extend discovery for the limited purpose of allowing Defendant to inquire further as to plaintiff's medical history and to depose plaintiff's retained expert.

## Argument and Authorities

There can be no question that, in this case, plaintiff has placed his physical condition at issue through the allegations in his Complaint. Accordingly, plaintiff was required to provide to Defendant a list of healthcare providers who treated him from August 21, 2010 to the present, and was also required to provide executed medical releases for these healthcare providers. *See* D.N.M. L.R.-Civ. 26.3(d); *see also Salazar v. Flavin*, 2015 WL 13667105, *1 (D.N.M. Feb. 3, 2015) (unpublished); *Garcia v. McCauley*, 2015 WL 12851233, *2-3 (D.N.M. March 25, 2015) (unpublished); *Jimenez v. Stone*, 2013 WL 12335188, *2 (D.N.M. March 27, 2013) (unpublished); *Pohl v. Bernalillo Cnty. Bd. of Comm'rs*, 2004 WL 7338283, *1 (D.N.M. Jan. 22, 2004) (unpublished). "A party should supply this type of information at the inception of litigation as part of Rule 26 initial disclosures, without the need for an opposing party to serve a formal discovery request." *Fuller v. New Piper Aircraft, Inc.*, 2005 WL 8163574, *3 (D.N.M. Oct. 19, 2005) (unpublished). Of course, Defendant also requested this information in the June 18, 2018 discovery requests served upon plaintiff. Plaintiff did not provide this information in his August 1, 2018 Interrogatory answers, nor did he supplement his Interrogatory answer at *any* time prior to his August 11th deposition. "Plaintiff, of course, has a continuing duty to supplement his initial disclosures and discovery responses if he 'learns that in some material

6

respect the disclosure or response is incomplete or incorrect.'" *Linkewitz v. Robert Heath Trucking, Inc.*, 2015 WL 12765988, *4 (D.N.M. July 17, 2015) (unpublished) (quoting FED. R. CIV. P. 26(e)).

Plaintiff failed in his duty to seasonably supplement his disclosures and discovery answers. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Linkewitz*, 2015 WL 12765988 at *4 (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). In this case, plaintiff has severely hamstrung Defendant's ability to depose plaintiff's treating physician Dr. Schwartz and to otherwise prepare for trial. Defendant has been hindered in his ability to explore plaintiff's medical history and determine any alternative or additional causes for the injuries that plaintiff is claiming as a result of the incident underlying this case. In addition, Defendant is unable to evaluate the possibility and effect that many, if not all of plaintiff's claimed injuries predate his encounter with Defendant. Notably, plaintiff waited until August 11, 2020—a mere ten calendar days before the current close of discovery—to disclose his additional medical information. In order to allow Defendant a full and fair opportunity to prepare for trial, this Court must extend the discovery deadline for the limited purpose of allowing Defendant to conduct follow-up discovery based upon plaintiff's late disclosures and to file any *Daubert* motions that are necessary. *See* FED. R. CIV. P. 16(b)(4) (providing that a scheduling order may be modified for good cause shown).

There are a number of other factors supporting Defendant's request to vacate the current trial setting and for a limited extension of discovery, not the least of which is the ongoing COVID-19 pandemic. *See Supplemental Administrative Order*, Case 1:20-mc-00004, Doc. No.

27 (filed July 2, 2020).[3] Additionally, as noted above, Defendant requested deposition dates for plaintiff's retained expert Glen Walp in March and April of this year; on July 27, 2020, plaintiff's counsel informed the undersigned that Mr. Walp was not available to be deposed until some indeterminate time after the current August 21, 2020 discovery and *Daubert* motion deadline in this case. As such, and given that the current jury trial setting in this matter is just over five weeks away, Defendant respectfully requests that this Court vacate the current trial setting, extend discovery to allow Defendant to follow up on plaintiff's late disclosures and to depose Mr. Walp, and to file any *Daubert* or other pre-trial motions needed.  Finally, settlement negotiations are ongoing and additional time is needed to evaluate plaintiff's settlement demand and potentially resolve the case.

**WHEREFORE**, Defendant respectfully requests that this honorable Court vacate the September 28-30, 2020 jury trial setting in this case, amend the pretrial deadlines in this matter as set forth above, and for such other relief as this Court sees fit.

Respectfully submitted,

/s/ Mark D. Standridge
Mark D. Standridge
Jarmie & Rogers, P.C.
P.O. Box 344
Las Cruces, N.M. 88004
(575) 288-1453
mstandridge@jarmielaw.com
*Attorneys for Defendant Mark Morales*

---

[3] Available at: https://www.nmd.uscourts.gov/sites/nmd/files/general-ordes/20-MC-04-27_Supplementing%20Admin%20Order%2020-MC-04-17%20%26%20Superseding%20Admin%20Order%2020-MC-04-19.pdf (last accessed August 21, 2020).

8

I hereby certify that I filed the foregoing with this Court's CM/ECF filing system, causing a true and correct copy to be served electronically on all registered counsel of record on this 21st day of August, 2020, as reflected more fully in the Notice of Electronic Filing.

/s/ Mark D. Standridge
Mark D. Standridge
Jarmie & Rogers, P.C.